Davis, J.,
delivered tbe opinion of the court:
Plaintiff, an assistant surgeon in the Army, attained the rank of captain (through length of service) in November, 1861, and was retired from active service with the rank of captain, February 26, 1891, upon the finding of a retiring board, approved by the President, for disability incurred in the line of duty. (11. S., sec. 1251.)
It is urged in plaintiff’s behalf retired as a major, as (at that time) “his seniority entitled him to promotion” to the rank of major and surgeon.
His position is thus stated :
“ The claimant contends thathe was, from the passage of the act of October 1,1890 (26 Stat., L., 562), to the time of his retirement, both physically and mentally qualified for promotion under the provisions of said act; that it was unlawful to retire him without at least another examination as to his fitness for promotion; that, having been denied such examination, he should have been dealt with as though he had passed it satisfactorily, which would have resulted in his promotion to the rank of major and surgeon on the active list. All of which facts and considerations were ignored by the War Department. Again, having been denied an examination for promotion under the act of October 1, 1890, and having been retired by reason of alleged physical disability contracted in the line of duty, he was entitled to be retired by his seniority with the rank of major, which right was ignored by the War Department.”
The following are the sections of the .Revised Statutes which bear upon the question now presented:
Section 1172, which provides that no one shall be appointed an assistant surgeon “ unless he shall have been examined and approved by an army medical board * * * designated by the Secretary of War; and no person shall receive the appointment of surgeon unless he shall have served at least five years as an assistant surgeon in the Regular Army and shall have been examined and approved by an army medical board * * *
Section 1246 relates to retirement and empowers the Secretary of War, under the-direction of the President, to assemble an army board to retire (sec. 1245) any “army officer who has become incapable of performing the duties of his office.” Section 1251 provides that when the retiring board “ finds that an officer is incapacitated for active service and that his incapacity is the result of an incident of service, and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers.” *407 Section 1255 directs that “ officers retired from active service shall be withdrawn from command and from line of promotion.”
The act of October 1,1890 (26 Stat. L., p. 562), provides that “should the officer fail in his physical examination and be found incapacitated for service by reason of physical disability contracted in line of duty he shall be retired with the rank to his entitled him to be promoted.”
The President prescribed the following rules to carry into effect this act of October 1, 1890 (General Orders, No. 128, series of 1890):
* * * “Officers who, in pursuance of existing law, * * * have passed a satisfactory examination for any grade prior to the passage of the act approved October 1,1890, will not be required to undergo the examination above mentioned unless ordered the President.
“IX. Any officer heretofore a incapacitated by reason of physical disability, the result of an incident of service, shall, if the proceedings of said board are approved by the President, be regarded as physically unfit for promotion within the meaning of section 3 of the act of October 1, 1890, and will be retired with the rank to which his seniority entitles him whenever a vacancy occurs that otherwise would result in his promotion on the active list.” * * *
It will be noted that under this regulation the officer found “physically unfit for promotion * * * will be retired with the rank to which his seniority entitles him whenever a vacancy occurs that otherwise would result in his promotion on the active list.” (General Orders, No. 128, series of 1890, pp. viii and ix.)
Captain Steinmetz was examined by a board in June, 1875, and reported professionally “not qualified for promotion.” He was again examined in 1878, and found by the board “not qualified physically for promotion.” In April, 1879, he was examined by a retiring "board appointed under section 1246, Eevised Statutes, and by that board was found incapacitated for active service. This finding the President approved February 26, 1891, whereupon plaintiff was placed upon the retired list pursuant to section 1251, Eevised Statutes.
In October, 1879, Steinmetz was ordered before a board for examination as to his fitness for promotion; he failed to pass the examination and therefore, not being “ approved by an army medical board” for promotion (sec. 1172, E. S.), the next junior officer was promoted.
*408 At this time, then, plaintiff bad not been approved for promotion either physically or professionally. Seniority alone gave no right of promotion. Prior to the act of October 1, 1890, he had not the approval of the medical board as to his physical and professional fitness for promotion; after the date of that act he failed to fulfill the condition imposed by it of professional competency.
September 10,1879, Special Orders, No. 209, was issued by the Adjutant-General, from which the following is an extract:
“An army retiring board having found Assistant Surgeon W. P. Steinmetz incapacitated from active service, the leave of absence on surgeon’s certificate of disability granted him in Special Orders, No. 186, August 28, 1878, from this office, is, by direction of the Secretary of War, hereby extended until further orders on account of disability.”
Following the examination of April 24, 1879, and under the permission given by the last-cited order, plaintiff resided in Kansas and in Philadelphia until 1885, wheu he went to Europe, where he states that he regained his health. He returned to the United States June 4,1886, and thereafter resided in Baltimore.
In June, 1888, he asked to be ordered before a board for examination for promotion, and June 13,1888, he was answered that he could not be ordered before such a board, as he had been virtually retired September 1.0, 1879, by reason of incapacity for active service.
June 16, 1888, plaintiff wrote the Surgeon-General of the Army that since his examination he was. so far recovered that he considered himself fit for most of the duties of a medical officer. Later, in answer to an inquiry from the Surgeon-General, he said that he did not consider himself physically able to perform all of the duties of a medical officer; nevertheless, July 20, 1889, the following order was directed to plaintiff:
“Speolal Orders, )
“No. 166. j
“Headquarters oe the Army,
“Adjutant-General’s Oeeice,
“ Washington, July 20, 1889.
[Extract.]
****** *
“3. By direction of the Secretary of War, Captain William B. Steinmetz, assistant surgeon, now at Baltimore, Maryland, *409 on leave of absence on account of disability, will report in person to tbe commanding officer of tbe Watertown Arsenal, Massachusetts, for duty at that station, relieving Lieutenant-Colonel James O. McKee, surgeon.
* # * « * # *
“By command of Major-General Schofield:
• “J. C. Kelton, Adjutant-General.”
Plaintiff emphasizes these facts: That this order is in the precise terms of any order directing an officer on active duty to report at a post of duty; that it recognizes his “actual official status,” and also recognizes that “he was not retired, but was on leave of absence because of disability.” Plaintiff reported at the arsenal; and later, as a result of a consultation between him and Lieutenant-Colonel Parker, in command of the arsenal, the latter, August 14, 1889, wrote the Chief of Ordnance as follows:
“Being solicitous that the medical attendance at this arsenal shall in the future be competent and at the same time acceptable to the officers and men at the post, and understanding that it is the intention of the Medical Department to make another change of medical officers here, 1 take the liberty of requesting that, if thought consistent with the propriety of official action, the Surgeon-General’s Office may be informed that it is desired that Dr. William R. Steinmetz may be com tinned here.”
This request was forwarded by the Acting Chief of Ordnance to the Surgeon-General, indorsed with a recommendation for “favorable consideration.” The letter was returned with the following indorsement: “There is no intention to make any change in the medical officer now stationed at the Watertown Arsenal.”
September 7,1889, the Secretary of War constituted another medical board before which claimant was ordered to appear for examination. October 2, 1889, this board reported that plaintiff, because of his “present mental and physical condition, is disqualified for promotion.” Still, plaintiff remained at the arsenal performing his duties until February 24, 1891, when he requested of the Surgeon-General that he be examined for promotion under the act of October 1,1890, which had become a law subsequent to his last examination.
February 26, 1891, the Assistant Adjutant-General telegraphed plaintiff as follows: “You are retired this day and ordered home.” February 27, 1891, • plaintiff sent this tele *410 gram to the Adjutant-General: “Does my retirement entitle me to promotion to major?” And he was thus answered: “You are retired as captain.” Section 1172 (E. S.) provides that no assistant surgeon shall be appointed surgeon unless he “shall have been examined and approved by an army medical board,” and section 1251 (E. S.) provides that when a retiring board “finds an officer incapacitated for active service and that this incapacity is the result of an incident of service and such decision is approved by the President, said officer shall be retired from active service and placed on the list of retired officers.”
Condensing the record thus at some length before recited we find: Plaintiff was appointed assistant surgeon with the rank of first lieutenant November, 18(58; captain November, 1871; retired from active service as captain February, 1891; examined (under E. S., sec. 1172) in June, 1875, and found professionally “not qualified for promotion;” examined again in 1878 and found “not qualified physically for promotion;” examined April, 1879, by a board organized pursuant to Eevised Statutes, section 1246, and found incapacitated for active service. This finding was not acted upon by the President. In October, 1889, plaintiff was again ordered before a board for examination and there he again failed to secure approval. He was then passed over, and another assistant surgeon, who had passed the examination, was promoted.
Seniority alone gives no right to promotion; to it must be added physical, mental, and moral fitness, and plaintiff had been found at various times either physically or professionally unfit for promotion.
The act of October 1, 1890, provides:
“ Should the officer fail in his physical examination and be found incapacitated for service by reason of physical disability contracted in line of duty, he shall be retired with the rank to which his seniority entitled him to be promoted.”
The express limitation upon this privilege of retirement “ with the rank to which his seniority entitled him to be promoted” is that the officer shall have failed in his physical examination only. Prior to the act of October 1, 1890, to retain his right to promotion, he needed the certificate of an army medical board that he was qualified for promotion professionally and physically; after 'the date of this statute plaintiff would have been entitled to retire as a major had he *411 been approved professionally, even in face of physical inability. He was not approved in either necessary qualification.
Plaintiff was retired as a captain February 26, 1891, upon the finding of a retiring board — a finding approved by the President. This action was strictly in accord with sections 1172 and 1251 of the Revised Statutes, and was not in conflict with the act of October 1, 1890 (26 S. L., p. 562). We hold that plaintiff was legally retired as a captain the 26th day of February, 1891.
Petition dismissed.